## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**RUBLE HECK-DANCE**,

    Plaintiff,

       v.                          **CIVIL NO. 03-2248 (DRD)**

**INVERSIONES ISLETA MARINA, INC.,
et al.,**

    Defendants.

## OPINION AND ORDER

On March 31, 2005, the Court issued and Opinion and Order (Docket No. 40) with regards to summary judgment motions filed by plaintiff Ruble Heck-Dance ("Heck-Dance") and defendant Inversiones Isleta Marina, Inc. ("Isleta"). As a result of said order, the Court dismissed Heck-Dance's negligence cause of action. In addition, the Court denied the parties remaining grounds for summary judgment, and ordered Isleta to return the vessel named "Nitty-Gritty" to the plaintiff. Both Heck-Dance and Isleta subsequently filed separate motions for reconsideration, which are presently before the Court's consideration. (Docket Nos. 42 and 43).

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Isleta's motion for reconsideration, and **DENIES** Heck-Dance's motion for reconsideration.

## I. STANDARD OF REVIEW

Motions for reconsideration are generally considered either under Fed. R. Civ. P. 59 or Rule 60, depending on the time such a motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1ˢᵗ Cir., 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the Court. Standard Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202 , n.4 (D.P.R., 1999). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1ˢᵗ Cir., 1994) (citing F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1ˢᵗ Cir., 1992)). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier". Id. at 123. See also, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa., 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

CIVIL NO. 03-2248 (DRD)                    2

## II. LEGAL ANALYSIS

### A. *Isleta's Motion for Reconsideration*

In its *Motion for Reconsideration* (Docket No. 42), Isleta claims that the Court erred in ordering it to return the "Nitty-Gritty" to Heck-Dance in light of the fact that, while such vessel was attached, it was never actually seized. As a result, Isleta requests that the Court amend *nunc pro tunc* its March 31, 2005 order to eliminate the return order. *Motion for Reconsideration*, p. 9 (Docket No. 42). Isleta also requests that the Court moot its ruling regarding the state court attachment, and that, considering that no issues remain, final judgment be entered. Id. In response, Heck-Dance agrees that the Court erred in ordering the return of the Nitty-Gritty, since such ship was never seized. *Plaintiff's Opposition*, p. 1-2 (Docket No. 44). Heck-Dance, however, claims that the Court's order applied to his other vessel, the "Indigo." Id., p. 2. Considering that the "Indigo" has already been sold by Isleta, with Heck-Dance's participation, the plaintiff claims that the Court's ruling finding the state court attachment void grants them the right to be made whole. Id., p. 3. Hence, Heck-Dance requests that he be reimbursed for the value of the "Indigo" at the time of the attachment, as well as of the assets contained within the ship at that time. Id.

Upon review, the Court agrees with both plaintiff and defendant as to the fact that the vessel seized during the referenced state court proceeding was the "Indigo," not the "Nitty-Gritty." Consequently, the Court hereby **AMENDS** *nunc pro tunc* its March 31, 2005 order (Docket No. 40) to eliminate the return order for the vessel "Nitty- Gritty." Hence, as to the vessel "Nitty-Gritty," the reconsideration is **GRANTED**. In regards to Heck-Dance's claim that the Court actually meant for the return of the "Indigo," the order specified that no such return was required with respect to said vessel, in light of the fact that it had been previously sold, with Heck-Dance's participation. (Docket No. 40, p. 9 n. 5). Hence, the plaintiff's request to be made whole is hereby **DENIED**.

### B. *Heck-Dance's Negligence Claim*

In the Court's March 31, 2005 order, Heck-Dance's negligence cause of action under Article 1802 of the Puerto Rico Civil Code was dismissed. In opposing Isleta's request for summary judgment of his negligence claim, Heck-Dance exclusively relied on his claim that certain pleadings in his bankruptcy proceeding tolled the applicable statute of limitations. *Opposition to Amended Motion to Dismiss*, p. 15-18 (Docket No. 30). At no point in his opposition did Heck-Dance allege that his wrongful attachment claim had not yet begun to accrue, or that accrual would commence once, and if, the Court were to nullify the state court seizure of the "Indigo." Such are the claims impermissibly brought forth in reconsideration by Heck-Dance. Motions for reconsideration are not a proper mechanism to advance arguments that should have been presented before judgment was entered. See Jorge Rivera-Surillo & Co., Inc. v. Falconer Glass Indus., Inc., 37 F. 3d. 25, 29 (1ST Cir. 1994). Hence, Heck-Dance's claim that the statute of limitations for his negligence claim did not begin to accrue until the Court voided the state court attachment was not squarely presented to the Court in his original opposition, for which it cannot be considered on reconsideration. Consequently, the Court **DENIES** Heck-Dance's request for reconsideration of the Court's March 31, 2005 Opinion and Order (Docket No. 40) dismissing his

CIVIL NO. 03-2248 (DRD)                    3

negligence claim under Article 1802 of the Puerto Rico Civil Code.

The Court also notes that in his motion for reconsideration, Heck-Dance implies, without any supporting argument or reasoning, that a federal tort limitations period of three years is applicable to the negligence matter. Having failed to properly set forth any discernable argument as to said period's applicability to the matter at hand, the Court need not delve any further and **DENIES** said claim. See United States v. Marks, 365 F. 3d 101, 107 (1st Cir. 2004) (citing United States v. Zannino, 895 F. 2d 1, 7 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work.")); Higgins v. New Balance Athletic Shoe, Inc., 194 F. 3d 252, 260 (1ST Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed"); Mandavilli v. Maldonado, 38 F. Supp. 2d. 180, 199 n. 4 (D. Puerto Rico 1999) (""This fact, however, was not developed as part of [defendant's] argument, and therefore, the Court will not address the implications of this fact in its analysis of defendant's basis for summary judgment").

C. *Breach of Contract*

The March 31, 2005 Opinion and Order also addressed Heck-Dance's motion for summary judgment, in which he requested that judgment be entered in his favor as to his breach of contract claim. To that effect, Heck-Dance alleged that he had served Isleta with a $5,000.00 payment in order to "cancel all pending legal action" on his vessels, but that Isleta had breached said agreement. In denying Heck-Dance's request, the Court concluded that the evidence presented at the summary judgment stage did not establish that the referenced claim was unliquidated, and that no evidence had been presented to establish that payment was accompanied with a conspicuous statement to the effect that it was being tendered in full satisfaction of the *claim*. (Docket No. 40, p. 7-8). Consequently, the Court concluded that "the doctrine of accord and satisfaction, as outlined by Puerto Rico law, is inapplicable to the matter at hand, for which Heck-Dance's motion for summary judgment is [denied] as to this claim." The Court clarifies that when mentioning that the doctrine of accord and satisfaction was "inapplicable to the matter at hand" the Court was referring to the summary judgment under review at the time. While the Court's choice of words may have created some confusion, the intent of the order was not to dismiss the breach of contract claim in its entirety, **rather deny the plaintiff's request for summary judgment as to the same**. Consequently, Heck-Dance's breach of contract claim survives.[1] As a result, Isleta's request for entry of final judgment is **DENIED**.

### III. <u>CONCLUSION</u>

In light of the preceding, the Court **DENIES** Heck-Dance's *Motion for Reconsideration* (Docket No. 43). Furthermore, the Court **GRANTS in part and DENIES in part** Isleta's *Motion for Reconsideration* (Docket No. 42). The Court's March 31, 2005 Opinion and Order is hereby amended

---

[1] The Court also notes that in his Complaint Heck-Dance claims that his agreement with Isleta also constituted a compromise and settlement agreement. *Complaint*, ¶ 17, p. 9 (Docket No. 1).

**CIVIL NO. 03-2248 (DRD)**                4

*nunc pro tunc* to eliminate the order calling for Isleta to return the "Nitty-Gritty" to Heck-Dance. Lastly, the Court clarifies its March 31, 2005 order to the effect that Heck-Dance's breach of contract claim survives. Any reference to the doctrine of accord and satisfaction's inapplicability was merely within the context of summary judgment disposition.

**IT IS SO ORDERED**

                                        <u>S/ Daniel R. Domínguez</u>
**Date: August 4, 2005**                **DANIEL R. DOMINGUEZ**
                                        **U.S. District Judge**